UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| PATRICIA GRIFFIN, | )<br>)<br>)<br>) |
| Plaintiff, | ) CIVIL ACTION NO. 2:22-cv-212-JDL |
| v. | )<br>) |
| UNIVERSITY OF MAINE SYSTEM,<br>UNIVERSITY OF SOUTHERN MAINE<br>GLENN CUMMINGS, in his official and<br>individual capacity | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

1. This action for declaratory, injunctive and other appropriate relief is brought by Plaintiff, Patricia Griffin ("Plaintiff" or "Griffin") to redress the intentional violations by Defendants and others of the rights secured to her by the laws of the United States of America and the State of Maine.

**JURISDICTION**

2. Jurisdiction is conferred upon this Court by the Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983 which provide original jurisdiction for Plaintiff's claims.

3. The amount in controversy exceeds one hundred thousand dollars ($100,000).

**VENUE**

4. All actions complained of herein have taken place within the jurisdiction of the United States District Court for the District of Maine and involve Defendants who reside

1

within the jurisdictional limits. Venue is accordingly involved pursuant to the dictates of 28 U.S.C. § 1391(b) and (c).

## PARTIES

5. Plaintiff, Patricia Griffin is an adult individual who resides at 6 Seabreeze Avenue, Old Orchard, ME 04064.

6. At all times material, Griffin has been an employee of and Professor of Marketing for the University of Maine System and University of Southern Maine. Griffin received tenure professor status, or "just cause" status on June 25, 2021.

7. Defendant University of Maine System is a corporate and independent legal entity created by and organized under the laws of the State of Maine.

8. Defendant University of Southern Maine is a part of the University of Maine System.

9. Defendant, Glenn Cummings, is an individual who upon belief resides in Cumberland, County, State of Maine.

10. At all times material, Cummings was employed as President of the University of Southern Maine.

## FACTS

11. Plaintiff incorporates all preceding paragraphs herein by reference.

12. Plaintiff began working as a Professor of Marketing at the University of Southern Maine in or about April of 2015.

13. On June 25, 2021, Plaintiff received tenure status or "just cause" status.

### A. PLAINTIFF SPEAKS OUT AGAINST THE MASK MANDATE, REQUESTS INFORMATION AND IS RETALIED AGAINST.

14. Effective August 18, 2021, the Chancellor of the University of Maine System implemented a mandatory mask policy (hereinafter the "Policy").

15. Subsequently, Griffin attended a luncheon, via Zoom, on August 24, 2021, where President Cummings was a speaker.

16. Despite the mask mandate, Cummings did not wear a facemask.

17. On August 24, 2021, Griffin sent an E-mail to Joanne Williams, Dean of the College of Management and Human Service, requesting data to support the mask mandate and providing studies showing that masks are ineffective at combating COVID-19.

18. Griffin never stated she would not comply with the policy or refuse to wear a mask.

19. In response to the August 24, 2021 E-Mail, Griffin met, via Zoom, with Dean Williams on August 25, 2021. During the meeting, Griffin reiterated her request for data supporting the implementation of the mask mandate.

20. During the meeting, Griffin noted that Cummings had violated the Policy by not wearing a mask during the luncheon.

21. At no time did Griffin state she would not wear a mask or would violate the Policy.

22. Immediately after the meeting, Griffin's courses were removed. Griffin was previously scheduled to teach one face-to-face course and two asynchronous online courses.

23. On August 27, 2021, a pre-disciplinary conference was held, via Zoom, and attended by Dean Williams, Megan Schratz, Griffin, and Paul Johnson.

24. Griffin repeated her requests for data supporting the mask mandate. At no time did Griffin indicate she would refuse to wear a mask or violate the Policy.

25. During the meeting, Griffin was further told that she was not allowed to teach courses 100% online during the meeting. However, other male professors were allowed to teach their classes 100% online.

26. Griffin was informed that she would only be allowed to teach courses online if she resigned her position and accepted a part-time position.

27. On September 8, 2021, Cummings sent Griffin a letter suspending her employment and moving to terminate her employment.

28. In the Letter, Cummings falsely claimed that Griffin sent an E-Mail to Dean Williams refusing to comply with the Policy.

29. Cummings further falsely claimed that Griffin verbally refused to wear a mask and indicated she would violate the Policy, among other false claims.

30. Cummings Letter caused Griffin severe emotional distress.

31. Cummings Letter was in retaliation for Griffin speaking out against the Policy and for requesting information on the Policy.

32. A Grievance Hearing was scheduled for September 22, 2021.

33. Prior to the Hearing, Griffin learned that Cummings would be in attendance.

34. Griffin had filed a complaint with Human Resources against Cummings alleging he had created a hostile work environment for her.

35. Griffin was intimidated by Cummings presence and did not feel comfortable attending the meeting.

36. Accordingly, prior to the Hearing, Griffin notified Megan Schratz that she would not be attending.

37. The Hearing was held in Griffin's absence. Cummings subsequently sent Griffin a Letter dated September 24, 2021, terminating Griffin's employment effective September 22, 2021.

## COUNT I
## FIRST AMENDMENT RETALIATION
## (ALL DEFENDANTS)

38. Plaintiff incorporates all preceding paragraphs herein by reference.

39. Defendants violated the provisions of 42 U.S.C. § 1983, in that Defendants, acting under color of State law, deprived Plaintiff of the privileges and immunities secured to her by the First and Fourteenth Amendments of the United States Constitution and, in particular, the right to hold employment without infringement of their First Amendment right to freedom of speech.

40. Plaintiff engaged in protected activity by speaking out as a citizen regarding matters of public concern.

41. Plaintiff's speaking out was not done in the ordinary course of her duties as a Professor of Marketing for the University of Southern Maine.

42. Plaintiff was not employed to comment on the Mask Mandate and her comments on the Mask Mandate did not fall under her job duties as a marketing professor.

43. In order to retaliate against Plaintiff for engaging in protected activities, Defendants intentionally took adverse action against Plaintiff by wrongfully and improperly removing her courses, suspending her, and terminating her employment.

44. Defendants actions aforesaid were intentional, willful, and reckless and were to penalize and retaliate against Plaintiff for her exercise of fundamental First Amendment rights.

45. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered and will in the future suffer pain, emotional distress, physical manifestation of emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation, lost wages, lost wage earning capacity, loss of benefits, loss of pension monies, and past and future expenses.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

    a. Enter a declaratory judgment that Plaintiff is to be returned to her position with the University of Southern Maine, with all benefits, seniority, and salary reinstated, retroactive to the time of her suspension.

    b. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by

the United States Constitution;

c. Enter a declaratory judgment that the disciplinary action taken against Plaintiff, including termination, shall be null and void.

d. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, benefits, lost pension monies, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

e. Award reasonable costs and attorney's fees;

f. Award punitive damages; and

g. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT II
## VIOLATION OF 14TH AMENDMENT EQUAL PROTECITON AND DUE PROCESS CLAUSES
## (UNIVERSITY OF SOUTHERN MAINE AND UNIVERSITY OF MAINE SYSTEM)

46. Plaintiff incorporates all preceding paragraphs herein by reference.

47. Defendants treated Plaintiff differently on the basis of her gender and did not possess a legitimate or compelling reason for doing so. Defendants violated Plaintiff's due process rights.

48. Defendants' conduct constitutes unlawful conduct in violation of the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

7

    a. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the laws of the State of Maine;

    b. Enjoin Defendants from continuing said practices;

    c. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

    d. Award reasonable costs and attorney's fees;

    e. Award punitive damages;

    f. Grant any other relief this Court deems just and proper under the circumstances.

## COUNT III
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT
## DISCRIMINATION BASED UPON SEX
## (UNIVERSITY OF SOUTHERN MAINE AND UNIVERSITY OF MAINE SYSTEM)

49. Plaintiff incorporates all preceding paragraphs herein by reference.

50. Griffin is a member of a protected class, a woman.

51. Griffin was able to perform her job satisfactorily.

52. Griffin was told she could not teach her courses 100% online and that to do so, she would need to resign and become a part-time faculty member.

53. Other male professors were allowed to teach their courses 100% online.

54. Griffin was eventually terminated on the false pretense that she violated the Policy.

55. Given that male professors were treated differently, the stated reason for her termination was pretextual.

56. Defendants practices violated 42 U.S.C. § 2000e-2(a).

57. On or about October 28, 2021, Ms. Griffin filed a Complaint with the Maine Human Rights Commission. The Complaint was simultaneously filed with the U.S. Equal Employment Opportunity Commission.

58. On or about July 5, 2022, Ms. Griffin received a right to sue letter.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the laws of the State of Maine;

b. Enjoin Defendants from continuing said practices;

c. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

d. Award reasonable costs and attorney's fees;

e. Award punitive damages;

f. Grant any other relief this Court deems just and proper under the circumstances.

# COUNT IV
## VIOLATION OF THE MAINE HUMAN RIGHTS ACT
## DISCRIMINATION BASED UPON SEX
### (UNIVERSITY OF SOUTHERN MAINE AND UNIVERSITY OF MAINE SYSTEM)

59. Plaintiff incorporates all preceding paragraphs herein by reference.

60. Defendants discriminated against Griffin on the basis of her sex by refusing to allow her to teach her classes entirely remotely, while allowing male professors to teach their classes entirely online.

61. Defendants conduct violated the Maine Human Rights Act including but not limited to 5 M.R.S. § 4572.

WHEREFORE, Plaintiff respectfully requests this Honorable Court:

a. Enter a declaratory judgment that Defendants' acts complained of herein have violated and continue to violate the rights of Plaintiff as secured by the laws of the State of Maine;

b. Enjoin Defendants from continuing said practices;

c. Award Plaintiff compensatory damages including but not limited to: pain, suffering, past economic loss, future economic loss, back pay, front pay, wage increases, loss of life's pleasures, loss of reputation, benefits, emotional distress and other damages;

d. Award reasonable costs and attorney's fees;

e. Award punitive damages;

f. Grant any other relief this Court deems just and proper under the circumstances.

DATED:  October 14, 2022				/s/Stephen C. Smith
                Stephen C. Smith, Esq., Bar No. 8720
                Attorney for Patricia Griffin
                STEVE SMITH TRIAL LAWYERS
                136 State Street, 2nd Floor
                Augusta, ME 04330
                207-622-3711
                steve@mainetriallaw.com